# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| J & J SPORTS PRODUCTIONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-10-0775-HE |
| | ) | |
| MARTIN ARANDA, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

Before the court is plaintiff's motion for default judgment [Doc. #14] against defendant Martin Aranda individually and as manager of the Chihuahua Bar. Plaintiff's complaint asserts liability against defendant based on the alleged interception and unauthorized showing, at the Chihuahua Bar, of the Miguel Cotto v. Antonio Margarito Fight Program on July 26, 2008, in violation of 47 U.S.C. §§ 553 and 605.[1] Plaintiff alleges that Martin Aranda, as "owner, and/or operator, and/or licensee, and/or permitee, and/or person in charge, and/or an individual with dominion, control and management" of the Chihuahua Bar, had supervisory control over the establishment at the time of the alleged unauthorized showing and is liable for violation of 47 U.S.C. § 553 (unauthorized interception/exhibition of cable communications) and 47 U.S.C. § 605 (unauthorized interception/exhibition of satellite communications). Plaintiff has moved for default judgment pursuant to 47 U.S.C. § 605. Defendant was served with process and the Clerk has certified defendant's default.

Taking the allegations of the complaint as true, the court concludes a basis for claim

---

[1] *The complaint alleges that plaintiff has exclusive, nationwide distribution rights to the indicated program.*

against defendant has been stated and that default judgment should be entered for plaintiff. As noted by plaintiff, a single recovery against defendant is appropriate. Plaintiff has elected to pursue statutory, rather than actual, damages, which is permitted by 47 U.S.C. § 605.

The court concludes the appropriate amount of statutory damages attributable to defendant's conduct is $1800, based on the pricing structure indicated by plaintiff's submissions and the number of patrons in the establishment. [Doc. Nos. 15-3 & 16-1]. Further, accepting the allegations of the complaint as true, the court concludes that defendant's actions were willful. Therefore, an additional award of $1800 is appropriate as a penalty for the statutory violations.

Section 605 authorizes a plaintiff's recovery of costs and reasonable attorneys' fees. Plaintiff itemizes $540.00 in costs for the filing fee and process server expenses, which the court finds reasonable. Plaintiff also seeks $2,996.25 in attorneys' fees. The court concludes $2500.00 is a reasonable fee in this case.[2]

Accordingly, plaintiff's motion for default judgment [Doc. #14] is **GRANTED**. Plaintiff is awarded judgment for $3600.00 in statutory damages and penalty and $3040.00 in costs and attorneys' fees against defendant Martin Aranda.

---

[2]*The requested amount is based in part on estimates of time spent rather than on contemporaneous time records and involves some duplication.*

**IT IS SO ORDERED**.

Dated this 3rd day of February, 2011.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE